MBT8DELP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4               v.                          22 Cr. 253 (NRB)

5   JERIEL DELOSANGELES,

6               Defendant.                  Plea

7   ------------------------------x
                                            New York, N.Y.
8                                           November 29, 2022
                                            1:00 p.m.
9
    Before:
10
                    HON. NAOMI REICE BUCHWALD,
11
                                            District Judge
12
                            APPEARANCES
13
    DAMIAN WILLIAMS
14       United States Attorney for the
         Southern District of New York
15   THOMAS S. BURNETT
         Assistant United States Attorney
16
    ELLIOT H. FULD
17       Attorney for Defendant

18

19

20

21

22

23

24

25

MBT8DELP

```
 1                 (In open court; case called)
 2                 THE DEPUTY CLERK:  Is the government present and ready
 3     to proceed?
 4                 MR. BURNETT:  Yes.  Good afternoon.  Tom Burnett for
 5     the government.
 6                 THE DEPUTY CLERK:  Is the defendant present and ready
 7     to proceed?
 8                 MR. FULD:  Yes.  Elliot Fuld for the defendant.  Good
 9     afternoon, your Honor.  Good afternoon, counsel.
10                 THE COURT:  For the record, am I correct that the
11     purpose of today's proceeding is for Mr. Delosangeles to enter
12     a plea of guilty pursuant to a plea agreement that was signed
13     in August of this year?
14                 MR. FULD:  That's correct, your Honor.
15                 THE COURT:  Mr. Delosangeles, would you just stand for
16     a minute, please.
17                 Would you raise your right hand.
18                 (Defendant sworn)
19                 THE COURT:  How old are you, sir?
20                 THE DEFENDANT:  33.
21                 THE COURT:  You may be seated.
22                 What was the highest grade in school that you
23     completed?
24                 THE DEFENDANT:  GED.
25                 THE COURT:  Are you now or have you recently been
```

MBT8DELP

1      under the care of a doctor or a mental health professional?

2                  THE DEFENDANT:  No.

3                  THE COURT:  Have you ever been hospitalized or treated

4      for alcoholism or narcotics addiction?

5                  THE DEFENDANT:  No.

6                  THE COURT:  Are you under the influence of any drug or

7      alcohol today?

8                  THE DEFENDANT:  No.

9                  THE COURT:  How are you feeling physically today?

10                 THE DEFENDANT:  Good.

11                 THE COURT:  Have you had sufficient time to consult

12     with your attorney about the charges against you and your plea?

13                 THE DEFENDANT:  Yes.

14                 THE COURT:  Have you been satisfied with the advice

15     and counsel that Mr. Fuld has given to you?

16                 THE DEFENDANT:  Excuse me?

17                 THE COURT:  Have you been satisfied with the advice

18     and counsel that Mr. Fuld has given to you?

19                 THE DEFENDANT:  Yes.

20                 THE COURT:  Are you ready to enter a plea today?

21                 THE DEFENDANT:  Yes.

22                 THE COURT:  What is your plea, guilty or not guilty?

23                 THE DEFENDANT:  Guilty, your Honor.

24                 THE COURT:  Mr. Delosangeles, in order to determine

25     whether your plea is voluntary and made with a full

MBT8DELP

1    understanding of the charges against you and the consequences

2    of your plea, I will make certain statements to you and ask you

3    certain questions.  I want you to know that I need not accept

4    your plea unless I am satisfied that you are in fact guilty and

5    that you fully understand your rights.

6            Now, under the plea agreement, the government has

7    agreed to accept a plea to the lesser included offense of

8    conspiring to distribute and possess with intent to distribute

9    500 grams and more of mixtures and substances containing a

10   detectable amount of cocaine.

11           This crime carries a maximum term of imprisonment of

12   40 years, a mandatory minimum term of imprisonment of five

13   years, a maximum term of supervised release of life, a

14   mandatory minimum term of supervised release of four years, a

15   maximum fine of $5 million, and a $100 special assessment.

16           Do you understand that those are the maximums and the

17   minimum penalties applicable to the crime to which you are

18   pleading?

19           THE DEFENDANT:  Yes, I understand, your Honor.

20           THE COURT:  Do you understand that in consideration of

21   your plea of guilty, that the government will not further

22   prosecute you for the cocaine conspiracy distribution scheme,

23   except the government cannot agree not to charge you with

24   criminal tax violations?

25           THE DEFENDANT:  Yes, I understand.

MBT8DELP

1           THE COURT:  Do you understand that it is part of your

2    plea agreement to admit the forfeiture allegation with respect

3    to Count One?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Do you understand that you have the right

6    to plead not guilty and the right to a trial on the charges

7    against you and, in fact, the right to a jury trial?

8           THE DEFENDANT:  Yes.

9           THE COURT:  At this time, I would ask the government

10   to recite the elements of the crime charged.

11          MR. BURNETT:  Yes, your Honor.

12          The crime charged in the indictment has three

13   elements:

14          First, that two or more people have an agreement or

15   understanding to violate the federal narcotics laws,

16   specifically the laws that prohibit distribution or possession

17   with intent to distribute controlled substances;

18          Second, that the defendant knowingly and intentionally

19   joined that conspiracy; and

20          Third, that the conspiracy involved more than 500

21   grams of mixtures and substances containing a detectable amount

22   of cocaine.

23          The government would also need to establish venue by a

24   preponderance of the evidence.

25          THE COURT:  Mr. Delosangeles, do you understand that

MBT8DELP

1    if you pled not guilty and went to trial, that the burden would

2    be on the government to prove each and every element of the

3    crime charged beyond a reasonable doubt in order to convict

4    you?

5            THE DEFENDANT:  Yes, your Honor, I understand.

6            THE COURT:  I am not sure that I asked you if you

7    understood that you had the right to plead not guilty and the

8    right to a jury trial?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Do you understand that at a trial, you

11   would be entitled to be represented by an attorney at all

12   stages of the proceeding, and if necessary, an attorney would

13   be appointed for you?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Do you understand that at a trial, you

16   would have the right to confront and cross-examine witnesses

17   against you and the right not to be compelled to incriminate

18   yourself?

19           THE DEFENDANT:  Yes, I understand.

20           THE COURT:  Do you understand that at a trial, you

21   would be presumed innocent until such time, if ever, the

22   government established your guilt by competent evidence to the

23   satisfaction of the trier of fact beyond a reasonable doubt?

24           THE DEFENDANT:  Yes, I understand.

25           THE COURT:  Do you understand that at a trial, you

MBT8DELP

1    would have the right to testify and would also be entitled to

2    compulsory process, in other words, the right to call other

3    witnesses on your behalf?

4                THE DEFENDANT:  Yes, your Honor.

5                THE COURT:  And do you understand that if your plea is

6    accepted, that there will be no further trial of any kind, so

7    that by pleading guilty, you are waiving your right to a trial?

8                THE DEFENDANT:  Yes, your Honor, I understand.

9                THE COURT:  Do you understand that if you are

10   sentenced to a period of supervised release and if you violate

11   the terms of your supervised release, that an additional period

12   of jail time may be imposed without credit for the time that

13   you had previously spent on supervised release?

14               THE DEFENDANT:  Yes, your Honor, I understand.

15               THE COURT:  Do you understand that in connection with

16   your plea of guilty, that the Court may ask you certain

17   questions about the offense to which you have pled, and if you

18   answer those questions under oath, and on the record, and in

19   the presence of your lawyer, that your answers, if false, may

20   later be used against you in a prosecution for perjury or false

21   statement?

22               THE DEFENDANT:  Yes, your Honor.

23               THE COURT:  Mr. Delosangeles, what country are you a

24   citizen of?

25               THE DEFENDANT:  United States.

MBT8DELP

1          THE COURT:  Did you sign a plea agreement in this

2   case?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Before you signed it, did you read it?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Before you signed it, did you discuss it

7   with your attorney, Mr. Fuld?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  So, separate and apart from the plea

10   agreement, have any threats or promises been made to you to

11   make you plead guilty?

12          THE DEFENDANT:  No your Honor.

13          THE COURT:  Again, separate and apart from the plea

14   agreement, have any understandings or promises been made to you

15   concerning the sentence you will receive?

16          THE DEFENDANT:  Can you repeat?  Sorry.

17          THE COURT:  Separate from the plea agreement, have any

18   understandings or promises been made to you concerning the

19   sentence that you will receive?  Do you have any idea what

20   sentence I am going to give you?

21          THE DEFENDANT:  No.

22          THE COURT:  Did anyone promise you some sentence that

23   I would give you?

24          THE DEFENDANT:  Just idea.

25          THE COURT:  I'm sorry?

MBT8DELP

| | |
|---|---|
| 1 | THE DEFENDANT:  Can you repeat, please. |
| 2 | THE COURT:  Did anyone promise you that I, the judge, |
| 3 | would give you any particular sentence? |
| 4 | THE DEFENDANT:  No. |
| 5 | THE COURT:  Is your plea voluntary, in other words, of |
| 6 | your own free will? |
| 7 | THE DEFENDANT:  Yes. |
| 8 | THE COURT:  I am going to review some portions of the |
| 9 | plea agreement with you. |
| 10 | First, do you understand that there is a stipulated |
| 11 | guidelines range in the plea agreement, and that range is from |
| 12 | 108 to 135 months? |
| 13 | THE DEFENDANT:  Yes. |
| 14 | THE COURT:  To repeat what I told you earlier, there |
| 15 | is a mandatory minimum term of 60 months in prison as a |
| 16 | consequence of your plea. |
| 17 | Do you understand that? |
| 18 | THE DEFENDANT:  Yes. |
| 19 | THE COURT:  Do you understand that you are not |
| 20 | entitled to a sentence below the mandatory minimum because you |
| 21 | do not qualify for what is called safety valve treatment? |
| 22 | THE DEFENDANT:  Yes. |
| 23 | THE COURT:  Do you understand that, should you seek |
| 24 | safety valve treatment, that that application would be a |
| 25 | material breach of this plea agreement and the government would |

MBT8DELP

1   no longer be bound by any of its terms?

2              THE DEFENDANT:  I understand.

3              THE COURT:  Do you understand that the parties agree

4   that neither a downward nor an upward departure from the

5   stipulated guidelines range is appropriate, but that either

6   party may seek a sentence outside the stipulated guidelines

7   range based on what are called the 3553(a) factors?

8              THE DEFENDANT:  I understand.

9              THE COURT:  Do you understand that, regardless of the

10  stipulation with respect to the sentencing guidelines, that

11  should you fail, either during this plea or otherwise, to

12  demonstrate acceptance of responsibility to the satisfaction of

13  the government, that the government may seek to deny you the

14  downward adjustment for acceptance of responsibility?

15             THE DEFENDANT:  I understand.

16             THE COURT:  Do you understand that nothing in this

17  agreement prevents the government from seeking an enhanced

18  penalty for obstruction of justice should the government learn

19  in the future that you have engaged in conduct which

20  constitutes obstruction of justice that it doesn't currently

21  know about or if you commit another crime after signing this

22  agreement?

23             THE DEFENDANT:  I understand.

24             THE COURT:  Do you understand that neither the

25  probation office nor the Court is bound by the guideline

MBT8DELP

1    stipulation, and that the sentence to be imposed upon you is

2    determined solely by this Court?

3             THE DEFENDANT:  I understand.

4             THE COURT:  Do you understand that as part of this

5    plea agreement, that you have agreed not to file a direct

6    appeal or otherwise challenge a sentence within or below the

7    stipulated guidelines range of 108 to 135 months, that you have

8    likewise agreed not to appeal or otherwise challenge a

9    supervised release term that is less than or equal to the

10   statutory maximum, that you have agreed not to appeal or

11   otherwise challenge any fine that is less than $5 million and

12   any special assessment that is equal to or less than $100?

13            THE DEFENDANT:  I understand.

14            THE COURT:  Are you pleading guilty because you are in

15   fact guilty?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Do you understand that this plea agreement

18   does not bind any prosecuting office other than the U.S.

19   Attorney's Office for the Southern District of New York?

20            THE DEFENDANT:  Yes, I understand.

21            THE COURT:  Do you understand that apart from any

22   written proffer agreement that you may have entered into with

23   the government, that this agreement supersedes any prior

24   understanding you may have had with the government, and that no

25   additional understandings may be entered into with the

MBT8DELP

1    government, other than that set forth in this written

2    agreement, unless there is another agreement which is in

3    writing and signed by all parties?

4            THE DEFENDANT:  I understand.

5            THE COURT:  So, Mr. Delosangeles, did you commit the

6    offense that you are pleading guilty to?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Could you tell me what you did, please.

9            THE DEFENDANT:  I am guilty of 500 grams or more of

10   cocaine.

11           THE COURT:  You need to tell me a little bit more.

12   What did you do?  Not who did you do it with, but did you do it

13   with someone else, and where did you do it?

14           THE DEFENDANT:  In New York.

15           THE COURT:  Where in New York?

16           THE DEFENDANT:  Yonkers.

17           THE COURT:  Do you want to talk to him?

18           MR. FULD:  Yes.

19           (Counsel confers with defendant)

20           MR. FULD:  Judge, he is ready.

21           THE COURT:  Talk to me.

22           THE DEFENDANT:  The offense was that shipped cocaine

23   from Puerto Rico to New York.  That was the offense.

24           THE COURT:  What was your role in this crime?  What

25   did you do?  Did you ship the drugs from Puerto Rico?

MBT8DELP

1                    THE DEFENDANT:  No.  I was selling it here.  So here.

2                    THE COURT:  Did you enter into an agreement with

3    someone else, to buy drugs from them?

4                    THE DEFENDANT:  Yes.

5                    THE COURT:  With the understanding that after you

6    bought the drugs from them you were going to sell them?

7                    THE DEFENDANT:  Yes.

8                    THE COURT:  Were you going to share the proceeds with

9    the person that you bought the drugs from?

10                   THE DEFENDANT:  Yes.

11                   THE COURT:  And approximately when did you engage in

12   this conduct?

13                   THE DEFENDANT:  June 2021 to April 2022.

14                   THE COURT:  At the time, did you understand that it

15   was against the law to purchase and sell cocaine?

16                   THE DEFENDANT:  Yes, your Honor.

17                   THE COURT:  Mr. Burnett, anything else you would like

18   me to ask him?

19                   MR. BURNETT:  No, your Honor.

20                   THE COURT:  Mr. Delosangeles, do you still wish to

21   plead guilty?

22                   THE DEFENDANT:  Yes, your Honor.

23                   THE COURT:  Mr. Fuld, do you know of any reason why

24   Mr. Delosangeles ought not to plead guilty?

25                   MR. FULD:  I do not.

MBT8DELP

1          THE COURT:  Mr. Delosangeles, I am satisfied that you

2    understand the nature of the charge against you and the

3    consequences of your plea, and that your plea is made

4    voluntarily and knowingly, and that there is a factual basis

5    for it.  I will therefore accept your plea of guilty.

6          Is there a forfeiture order?

7          MR. BURNETT:  There is not because there is no

8    forfeitable property here.

9          THE COURT:  So, in Mr. Fuld's letter of yesterday,

10   there was a preview that the defendant was going to request to

11   remain free on bond before his sentencing.

12         So first let me ask the government's position on that.

13         MR. BURNETT:  The government's position is that the

14   statute requires remand barring some extraordinary

15   circumstance.  I haven't heard what the extraordinary

16   circumstance would be, but I am happy to hear it from the

17   defense.

18         THE COURT:  Mr. Fuld, Mr. Burnett is correct, that is

19   the way the law reads.  So it requires certain findings by the

20   Court.  So let me give you the floor.

21         MR. FULD:  Thank you, your Honor.

22         I submitted a letter yesterday, which sort of gives a

23   summary of what I am going to tell you today, but in essence,

24   as the Court is aware from previous applications, my client has

25   an open case in Bergen County, New Jersey, in which he is

MBT8DELP

1  scheduled to plead guilty next week.  He has to be in court

2  next week to plead guilty.  You can't do that virtually or in

3  any other way.  I have spoken to his defense attorney in Bergen

4  County, Nelson Gonzalez, who has arranged for his plea, and I

5  even inquired about virtual pleas.  I know from my own personal

6  knowledge, I practice in New Jersey, that in Jersey, and in

7  particular this particular judge, you have to actually fill out

8  and sign a plea agreement in order to plead guilty, you can't

9  do anything virtually.

10       So he has to be there next week and he has to plead

11  guilty.  And if he is not allowed to remain out, and he can't

12  be there, mechanically it's a nightmare.

13       THE COURT:  Did anyone think of him doing it last

14  week?

15       MR. FULD:  I wasn't controlling the Bergen County

16  calendar.  I don't control the dates there.  If the judge can

17  do it, I have no idea.  Mr. Gonzalez told me that he is

18  scheduled for next week.  Again, Mr. Gonzalez and I spoke, but

19  I do not at all have any influence in scheduling the Bergen

20  County date.  I found out yesterday that the date was next

21  week.

22       So in that sense, I would state that, if he is not

23  allowed to remain out to do this, then it's just going to

24  be -- is it impossible to get it done?  I guess nothing is

25  impossible.  But to get writs done, to have the marshals bring

MBT8DELP

1    him over to Bergen County and bring him to court, and get him

2    back from state court into the marshals' domain here in

3    Southern District, it's a cumbersome process and it's going to

4    be expensive and it's going to be very hard.  And if it's not

5    done, then you have this open case hanging over his head, and

6    it has to be done later on after he is sentenced, and it just

7    causes numerous problems with the whole situation.

8              So is that compelling or extraordinary?  I don't know.

9    But I think, based upon the fact that Mr. Delosangeles has been

10   fully compliant in the last four or five months, I don't think

11   it's a risk to allow him to remain out and take care of his

12   Bergen County problem, and then he will go in at the time of

13   sentence.

14             THE COURT:  Your letter says that he is going to

15   receive a sentence concurrent with his federal sentence.

16             MR. FULD:  That's what I was told.

17             THE COURT:  In which case it's sort of academic, isn't

18   it?

19             MR. FULD:  Not if he doesn't plead guilty, it's not.

20   He has got to plead guilty first to get that sentence.

21             THE COURT:  What is the charge?

22             MR. FULD:  It's a credit card fraud.  I think I sent a

23   copy of the indictment to the Court previously.

24             THE COURT:  You may have.

25             MR. FULD:  I can give it to you if you want to see it.

MBT8DELP

1           THE COURT:  Sure.

2           Mr. Burnett, if you know, let's say he is in federal

3    custody and Bergen County in New Jersey wants him.  Is that

4    process -- and maybe the marshals in the back of the room

5    know -- is that a matter where the Bergen County authorities

6    come here, pick him up, and then bring him back?  Or does it

7    impose on the marshals, which I don't like imposing on the

8    marshals unnecessarily because we just do it all the time

9    anyway.

10          MR. BURNETT:  I think there would need to be a writ

11   from the state court, which then BOP could decide whether or

12   not to honor it.  I don't know what their practice is for

13   honoring state writs, and I am not sure who actually does the

14   transport.

15          THE COURT:  Mr. Marshal, sir.

16          MARSHAL:  That's affirmative, your Honor.

17          THE COURT:  So it wouldn't create a burden on you, in

18   other words, the Bergen County authorities would have to come

19   pick him up and bring him back?

20          MARSHAL:  Yes, your Honor.  That's usually the case.

21          THE COURT:  So I don't think that's going to be a good

22   reason.

23          MR. FULD:  Do you want to see the indictment?

24          THE COURT:  Sure.

25          MR. FULD:  The only other reason I state in my

MBT8DELP

1    letter -- I will wait for you to read it.

2              THE COURT:  All right.  Since it's not a burden on the

3    marshals, and since it can happen regardless of whether he is

4    in custody, I don't think that's a good argument.

5              MR. FULD:  The only other argument I was going to

6    make, which is also contained in my letter, is that the

7    defendant has been looking for a job to make some money.  He

8    finally has a job.  I haven't requested court permission yet to

9    allow him to work.  He just wanted to make some money, to give

10   the mother of his child money, before he goes into jail to help

11   support the child.

12             THE COURT:  I have two responses to that.  One, he has

13   been out and never got a job.

14             MR. FULD:  It's been hard to find a job.

15             THE COURT:  Well, you know, unemployment in the United

16   States is about 3 percent now, maybe a little more.  It is what

17   is called full employment.  There is a sign on every store,

18   supermarket, whatever, "help wanted."  If he really wanted to

19   work, there's a job.

20             MR. FULD:  That's true.  But that's not so easy when

21   you're on home arrest.  You can't just go out and knock on

22   doors.

23             THE COURT:  But you can talk to your pretrial officer

24   and seek to get permission to do that, which I am confident he

25   didn't do.

MBT8DELP

1          And the second reason is that I went back and read his

2     pretrial services report, which recites that he has a

3     13-year-old daughter that he had not had contact with in three

4     months.  So I am not persuaded.  I am going to order that he be

5     remanded.

6          Part of that decision is because it is a mandatory

7     sentence regardless.  So there is something to be said for

8     starting to serve it.

9          Is there anything else?

10          MR. FULD:  Nothing from the defense.

11          THE COURT:  We need a sentencing date.  My apologies.

12          So, by our calculation, the probation report for

13     sentencing will be available on February 21st.

14          So, Mr. Fuld, how long do you need for your sentencing

15     submission?

16          MR. FULD:  About three weeks.

17          THE COURT:  That will be March 14.

18          MR. FULD:  That's fine, Judge.  Thank you.

19          THE COURT:  Mr. Burnett.

20          MR. BURNETT:  Just one week, your Honor.

21          THE COURT:  That will be the 21st.

22          So why don't we do sentencing on the 28th of March.

23          MR. FULD:  What time, Judge?

24          THE COURT:  Let's say 12:30.

25          MR. FULD:  One request regarding the remand order.

MBT8DELP

1    Can you place something on the remand order to let the Bureau

2    of Prisons or the marshals office know that Bergen County will

3    be -- just to let them know it's coming down the pike.

4         THE COURT:  He's not going anyplace.  What I mean is

5    it doesn't matter.  In other words, until they get the request

6    written up and get it here -- he is going to be kept locally.

7    So they can get him.  He is nearby.  I don't think there is

8    anything I can do.  What are you really asking me to do?

9         MR. FULD:  Just put a note on the remand order that

10   Bergen County will be coming to pick him up for a court

11   appearance sometime in the future.  That's all.  I have had

12   experiences where clients have been put in jail and they are

13   taken by surprise and they don't let anybody out of jail.  I

14   think it's easier to have some note in the order.

15        THE COURT:  You think this is helpful?  To me it's not

16   helpful.

17        MARSHAL:  We will make the notification.

18        MR. FULD:  Thank you.

19        THE COURT:  Very good.  Thank you.

20        (Adjourned)

21

22

23

24

25